J-S32004-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID LAUSELL, JR. | : | |
| | : | |
| Appellant | : | No. 825 MDA 2022 |

Appeal from the PCRA Order Entered May 20, 2022
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0003033-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID LAUSELL, JR. | : | |
| | : | |
| Appellant | : | No. 826 MDA 2022 |

Appeal from the PCRA Order Entered May 20, 2022
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0003034-2016

BEFORE:  PANELLA, P.J., BENDER, P.J.E., and LAZARUS, J.

MEMORANDUM BY PANELLA, P.J.:         **FILED:  NOVEMBER 14, 2022**

David Lausell, Jr., filed separate appeals from the orders[1] denying his

first petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").

***See*** 42 Pa.C.S.A. §§ 9541-9545. Additionally, Lausell's counsel, Daniel C.

Bardo, has filed an application to withdraw representation and a brief in

---

[1] This Court consolidated Lausell's appeals *sua sponte* on July 13, 2022.

accordance with **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and

**Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).[2] We

grant Attorney Bardo's application to withdraw and affirm the orders denying

Lausell's PCRA petition.

On June 3, 2016, a confidential informant made a controlled purchase

of 20 grams of heroin from Lausell with money provided by the Lancaster

County Drug Task Force. The task force then obtained a sealed warrant,

supported by an affidavit of probable cause, to place a GPS tracking device on

Lausell's vehicle. Subsequently, the task force secured a search warrant for

Lausell's residence that he shared with his girlfriend, Jaelle Ndamage. While

executing the warrant, the police arrested Lausell outside of the residence.

Thereafter, the police seized property in Lausell's possession, including a car

key belonging to a 2006 Ford Taurus, which was parked at Lausell's residence.

After obtaining a search warrant for the Taurus, the police discovered a 9-

millimeter Glock semi-automatic pistol and a Ruger .357 revolver in the trunk.

---

[2] We note that Attorney Bardo has filed a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967). When counsel seeks to withdraw from representation on collateral appeal, as here, **Turner** and **Finley** apply. **See Commonwealth v. Widgins**, 29 A.3d 816, 817 n.2 (Pa. Super. 2011). On its own, counsel's mistake is not fatal to his application to withdraw, though, as we have held that "[b]ecause an **Anders** brief provides greater protection to a defendant, this Court may accept an **Anders** brief in lieu of a **Turner**/**Finley** letter." **Id.** (citation omitted). Therefore, our practice in these situations is to accept counsel's **Anders** brief and evaluate whether it substantially satisfies **Turner**/**Finley** criteria. **See id.** at 819.

The police also found approximately 540 grams of suspected heroin, $4,703 in cash, a digital scale, and drug paraphernalia in Lausell's residence.

At trial court docket 3033-2016, the Commonwealth charged Lausell with two counts each of persons not to possess, use or control firearms and firearms not to be carried without a license, and at docket 3034-2016, the Commonwealth charged Lausell with possession with intent to deliver a controlled substance, criminal conspiracy, and possession of drug paraphernalia.

Lausell filed a motion to suppress physical evidence and statements, claiming the searches of him and his property were illegal. The trial court denied the motion. Directly thereafter, the trial court held a bench trial on the drug charges and found Lausell guilty of those charges. Subsequently, a jury trial was held on the gun charges, and the jury found Lausell guilty on two counts of persons not to possess firearms. The trial court sentenced Lausell to an aggregate sentence of 25 to 50 years in prison. This Court affirmed the judgments of sentence, and the Supreme Court of Pennsylvania denied allowance of appeal. *See Commonwealth v. Lausell*, 408 MDA 2018 (Pa. Super. filed Nov. 15, 2018) (unpublished memorandum), *appeal denied*, 208 A.3d 459 (Pa. 2019).

On May 29, 2020, Lausell filed a timely *pro se* PCRA petition at the two docket numbers, raising various ineffective assistance of trial counsel claims. The PCRA court appointed Attorney Bardo as counsel. Attorney Bardo initially

filed a no-merit letter and an application to withdraw with the PCRA court. Following its independent review, the PCRA court issued a Pa.R.Crim.P. 907 notice and gave Lausell 30 days to respond. In his response, Lausell, for the first time, argued that his trial counsel was ineffective for failing to obtain the sealed warrant allowing for the placement of GPS monitoring on his vehicle and that if he had the warrant, the outcome of the proceeding would have been different. As a result, the PCRA court directed Attorney Bardo to review this new issue. Subsequently, Attorney Bardo filed an amended PCRA petition. On August 4, 2021, the PCRA court held an evidentiary hearing, at which trial counsel and Lausell testified.

Following the hearing, on December 16, 2021, despite being counseled, Lausell, *pro se*, filed a motion seeking leave to amend his PCRA petition. Specifically, Lausell sought to raise an after-discovered evidence claim, arguing that a police officer for the Lancaster Police, who was not involved the instant case, committed various acts of misconduct and that such acts cast doubts on the conduct of the task force's detective in this case. However, the Clerk of Courts neglected to docket the motion for three months, and it failed to send a copy of the motion to Attorney Bardo pursuant to Pa.R.Crim.P. 576.

Subsequently, the PCRA court entered separate orders denying Lausell's petition. Notably, in its opinion in support of the orders, the PCRA court addressed the after-discovered evidence claim Lausell raised in his motion to amend his PCRA petition. These timely appeals followed.

- 4 -

On appeal, Attorney Bardo filed a ***Turner***/***Finley*** brief, which raises the following questions for our review:

> I.   Is [Lausell's] claim that the PCRA court erroneously denied relief frivolous?
>
> II.  Is [Lausell's] claim that he is entitled to remand because the clerk of courts violated Pa.R.Crim.P. 576(a)(4) frivolous?

***Turner***/***Finley*** Brief at 4. Additionally, Attorney Bardo filed an application to withdraw on August 5, 2022. Lausell did not retain alternate counsel or file any response to Attorney Bardo's application to withdraw.

As an initial matter, we must consider the adequacy of Attorney Bardo's ***Turner***/***Finley*** filings. Independent approval by competent counsel requires proof of the following:

> 1) A "no-merit" letter by PCRA counsel detailing the nature and extent of his review;
>
> 2) The "no-merit" letter by PCRA counsel listing each issue the petitioner wished to have reviewed;
>
> 3) The PCRA counsel's "explanation", in the "no-merit" letter, of why the petitioner's issues were meritless;
>
> 4) The PCRA court conducting its own independent review of the record; and
>
> 5) The PCRA court agreeing with counsel that the petition was meritless.

***Widgins***, 29 A.3d at 818 (citation and brackets omitted). Further, counsel seeking to withdraw must

> forward to the petitioner a copy of the application to withdraw that includes (i) a copy of both the "no-merit" letter, and (ii) a statement advising the PCRA petitioner that, in the event the trial

court grants the application of counsel to withdraw, the petitioner
has the right to proceed *pro se*, or with the assistance of privately
retained counsel.

***Id.*** (citation omitted).

Here, in his ***Turner***/***Finley*** brief, Attorney Bardo described the extent of his review, identified the issues that Lausell sought to raise, and explained why the issues lack merit. In addition, Attorney Bardo provided Lausell with notice of his intention to seek permission to withdraw from representation, a copy of the "no-merit" brief and application to withdraw as counsel and advised Lausell of his rights in lieu of representation. Thus, we conclude that Attorney Bardo has complied with the requirements necessary to withdraw as counsel. We now independently review Lausell's claims to ascertain whether they lack merit.

Our standard of review regarding a PCRA court's order "is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error." ***Commonwealth v. Rizvi***, 166 A.3d 344, 347 (Pa. Super. 2017). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." ***Commonwealth v. Garcia***, 23 A.3d 1059, 1061 (Pa. Super. 2011) (citation omitted).

In his first claim, Lausell contends that his trial counsel was ineffective for failing to secure a copy of the sealed warrant that placed GPS monitoring on his vehicle. ***See Turner***/***Finley*** Brief at 9-17.

To succeed on an ineffectiveness claim, Lausell must demonstrate by a preponderance of evidence that "(1) the underlying claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice as a result of counsel's action or inaction." ***Commonwealth v. Brown***, 196 A.3d 130, 150 (Pa. 2018) (citation omitted). Counsel is presumed to be effective, and the burden is on Lausell to prove otherwise. ***See Commonwealth v. Hanible***, 30 A.3d 426, 439 (Pa. 2011). A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. ***See Commonwealth v. Montalvo***, 244 A.3d 359, 368 (Pa. 2021).

Here, at the evidentiary hearing, Lausell's trial counsel testified that he first learned about the GPS tracker at the suppression hearing. ***See*** N.T., 8/4/21, at 24. Lausell's trial counsel indicated that he did not receive the warrant through the discovery process and did not follow up with the prosecutor but admits that he should have obtained the warrant. ***See id.*** Trial counsel further explained that the affidavit of probable cause that authorized the search warrants had independent evidence sufficient to authorize the warrant. ***See id.*** at 26. Trial counsel noted that Lausell's goal in proceeding to an immediate bench trial was to save suppression issues for appeal and to avoid a joint trial with his girlfriend, Ndamage, because she faced deportation if convicted. ***See id.*** at 26-27, 29, 31, 33, 36-38, 48-49; ***see also id.*** at 33 (stating that Lausell's primary goal was to get Ndamage's charges dismissed).

Conversely, Lausell testified that he would have gone to a jury trial if he had the sealed GPS monitoring warrant. *See id.* at 13-15, 19-20. Lausell noted that he asked trial counsel about the GPS warrant at his suppression hearing, but that trial counsel indicated that there was no such warrant. *See id.* at 11. Lausell further explained that the foundation of the warrant was false. *See id.* at 19-20. Lausell also testified that his strategy involved getting Ndamage's charges dismissed. *See id.* at 21-23.

Here, Attorney Bardo acknowledges that there was arguable merit to Lausell's underlying ineffectiveness claim, highlighting that the Rules of Criminal Procedure require disclosure of sealed warrants. *See Turner/Finley* Brief at 9, 10-11 (citing Pa.R.Crim.P. 573(B)(1)(f) (requiring disclosure of all documents); Pa.R.Crim.P. 211(H) (stating that "[w]hen criminal proceedings are instituted as a result of the search … [a] copy of the sealed affidavit(s) shall be given to the defendant" prior to his arraignment)). Likewise, Attorney Bardo concedes that trial counsel did not have a reasonable basis for failing to obtain the sealed warrant. *See id.* at 11-14; *see also* N.T., 8/4/21, at 24 (wherein Lausell's trial counsel admitted that he should have obtained the sealed warrant seeking GPS monitoring). Upon our review, we agree with Attorney Bardo's analysis of the first two prongs of the ineffectiveness test.

Nevertheless, we conclude that Lausell was not prejudiced by trial counsel's failure to obtain the sealed warrant. Notably, to prove prejudice when claiming that the jury waiver was not knowing and voluntary due to

counsel's ineffectiveness, "the defendant must demonstrate a reasonable probability that the result of the waiver proceeding would have been different absent counsel's ineffectiveness; he does not have to demonstrate that the outcome of a jury trial would have been more favorable than the bench trial."

***Commonwealth v. Mallory***, 941 A.2d 686, 702-03 (Pa. 2008).

Here, the PCRA court addressed Lausell's claim as follows:

> The fact that trial counsel did not obtain the GPS warrant … could not have caused prejudice to Lausell; the GPS warrant itself as well as the two search warrants were indisputably supported by probable cause. In fact, with regard to the search warrants, testimony at both the suppression hearing and the PCRA hearing showed that even if data from the GPS tracking device had been excluded from the suppression court's analysis, the suppression motion would still have been denied because the two search warrants at issue were supported by adequate independent probable cause. … Thus, even if trial counsel had obtained the GPS warrant and successfully challenged its validity at the suppression hearing, its invalidation would have had no effect on the suppression court's ultimate finding that the search warrants were valid. The suppression motion would still have been denied.

> Based on the foregoing analysis, this Court finds it implausible that Lausell would have made a different decision regarding the type of trial he chose based solely on possession of the GPS warrant, and his testimony to the contrary lacks any credibility. Even if he had chosen a jury trial, the existence of the valid GPS warrant would have had zero effect on the outcome of Lausell's case. Lausell labors under the mistaken belief that had he chosen a jury trial, he would have been permitted to challenge the validity of the GPS warrant a second time, before his jury. As the Court explained during the PCRA Hearing, this [] simply could not and would not have occurred. Any use of the GPS warrant and/or data at trial would only have weakened Lausell's defense while bolstering the Commonwealth's case against him. In short, Lausell's ineffective assistance of counsel claim on the issue of the GPS warrant fails for lack of prejudice.

PCRA Court Opinion, 5/20/22, at 10-11 (citations and footnote omitted).

We agree with the PCRA court's reasoning. Indeed, Lausell's only proof that he was prejudiced by counsel's ineffectiveness in proceeding with a bench trial is his own self-serving testimony that he would not have waived his right to jury trial, which the PCRA court found to be incredible. ***See id.*** at 11; ***Commonwealth v. Staton***, 184 A.3d 949, 954 (Pa. 2018) (concluding that we are bound by the PCRA court's credibility determinations where they are supported by the record). Instead, the PCRA court found credible counsel's testimony that Lausell wanted to take responsibility for the drugs in order to save his girlfriend from deportation. Accordingly, Lausell fails to meet the prejudice prong of the ineffectiveness test and his first claim is without merit.

In his next claim, Lausell argues that the Lancaster County Clerk of Courts' office violated Pa.R.Crim.P. 576(a)(4) by failing to docket his motion to amend the PCRA petition or forward it to Attorney Bardo. ***See Turner/Finley*** Brief at 17-18. Lausell further argues that he sought to raise an after-discovered evidence claim regarding a Lancaster Police Officer's misconduct. ***See id.*** at 18.

Initially, Attorney Bardo notes that he failed to raise this claim in the court-ordered Rule 1925(b) concise statement, rendering it waived on appeal. ***See id.*** at 17. However, waiver is not the appropriate consequence where counsel has filed a ***Turner/Finley*** brief on appeal. ***See*** Pa.R.A.P. 1925(c)(4). Further, the PCRA court's opinion and Attorney Bardo's ***Turner/Finley*** brief on appeal both address Lausell's underlying after-discovered evidence claim,

and we have an adequate record to review the appeal. Accordingly, as we must determine whether the claim is without merit due to Attorney Bardo's filing of a **Turner**/**Finley** brief, we decline to find waiver of this issue.

Criminal Rule of Procedure 576(a)(4) states the following:

In any case in which a defendant is represented by an attorney, if the defendant submits for filing a written motion, notice, or document that has not been signed by the defendant's attorney, the clerk of courts shall accept it for filing, time stamp it with the date of receipt and make a docket entry reflecting the date of receipt, and place the document in the criminal case file. A copy of the time stamped document shall be forwarded to the defendant's attorney and the attorney for the Commonwealth within 10 days of receipt.

Pa.R.Crim.P. 576(a)(4). The comment to Rule 576 provides that such a filing does not "trigger any deadline nor require any response." Pa.R.Crim.P. 576, cmt. Indeed, because defendants have no constitutional right to hybrid representation, **see Staton**, 184 A.3d at 957, where counsel receives a copy of the motion, he or she may present the motion to the trial court for resolution or, if appropriate, take no action. **See Commonwealth v. Cooper**, 27 A.3d 994, 1007-08 (Pa. 2011); **see also** Pa.R.Crim.P. 121(g).

Here, both Attorney Bardo and the PCRA court agree that the Clerk of Courts failed to docket the motion to amend in a timely manner or forward the motion to Attorney Bardo. Nevertheless, despite this error, the PCRA court addressed the after-discovered evidence claim in Lausell's motion to amend. Accordingly, we do not find the Clerk of Courts' error requires a remand. **See** Pa.R.Crim.P. 576, cmt.

Regarding Lausell's underlying after-discovered evidence claim, he must satisfy a four-part test, which requires him to demonstrate the after-discovered evidence

> (1) could not have been obtained prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) would likely result in a different verdict if a new trial were granted.

*Commonwealth v. Small*, 189 A.3d 961, 972 (Pa. 2018) (quotation omitted). "The test is conjunctive; the [petitioner] must show by a preponderance of the evidence that each of these factors has been met in order for a new trial to be warranted." *Commonwealth v. Padillas*, 997 A.2d 356, 363 (Pa. Super. 2010) (citations omitted). In addition, the after-discovered "evidence must be producible and admissible." *Small*, 189 A.3d at 972.

Here, the PCRA court addressed Lausell's underlying claim as follows:

> After careful review, the [PCRA c]ourt finds that Lausell cannot meet this burden on the content of Lausell's motion, the alleged "after-discovered evidence" he wishes to explore is irrelevant to his guilt or innocence. Lausell wishes to gain access to documents pertaining to the investigation of a Lancaster police officer who, based on the established record, had no involvement in the investigation, arrest, prosecution, or trial of Lausell on either docket[.] [I]t appears that Lausell hopes to find within the requested materials some indications or evidence he might use to impugn the character and good name of … the lead law enforcement officer who actually did participate in the investigation and prosecution of Lausell's criminal endeavors. Given the total lack of a connection between [the officer in question] and Lausell's case, along with the purely speculative nature of Lausell's allegations regarding [the detective's]

- 12 -

supposed misconduct, the [PCRA c]ourt cannot and will not grant discovery.

> Even assuming, based on the limited information Lausell has provided, that there may be statements about [the detective] somewhere in the files relating to [the officer], the only possible use of the type of evidence Lausell seeks would be impeachment of [the detective's] credibility. This type of evidence fails to satisfy the standard for granting PCRA relief or a new trial. Therefore, Lausell's motion to amend his PCRA will be denied.

PCRA Court Opinion, 5/20/22, at 14 (citation omitted).

We agree with the PCRA court's analysis and conclude that Lausell's underlying claim in his motion to amend the PCRA petition is without merit. *See id.*; *see also Small*, 189 A.3d at 972. Accordingly, the PCRA court did not err in denying relief on Lausell's PCRA petition.

Upon our independent review of the record, we conclude that the PCRA petition is without merit, and that Attorney Bardo is entitled to withdraw under the precepts of *Turner*/*Finley*.

Application to Withdraw as Counsel granted. Orders affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/14/2022

- 13 -